**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2313

_____

ELLEN HEINE; CHRISTOPHER GRIECO; KARA GRIECO; ANN R.
SCHILDKNECHT; ANDREW TUSCANO; RICHARD HOLLER; JOSEPH FABICS;
PAUL DEAN; KERI BURKE; RUTHAN HUGHES; UNITA PERI-OKONNY;
THEODORO PAGAN; THOMAS COMBS; SOLIMAN A. YOUSSEF; SUSAN
MILLER; PETER MARTENS; FRANK BRIGHT; NADEEM SHAHIDI; WENDELL
SELLERS; ROBERT T. DOW; JOHN AND JANE DOE 1 TO 10; RUBEN WILLIAMS

v.

BUREAU CHIEF DIVISION OF FIRE AND SAFETY; COMMISSIONER NEW
JERSEY DEPARTMENT OF COMMUNITY AFFAIRS; DIV. OF YOUTH AND
FAMILY OF BERGEN COUNTY AND MIDDLESEX COUNTY; CITY OF
GARFIELD and its Agents; TOWNSHIP OF MONTCLAIR and its Agents; CITY OF
NEW BRUNSWICK and its Agents; TOWNSHIP OF NORTH BRUNSWICK and its
Agents; TOWNSHIP OF SOUTH BRUNSWICK and its Agents; HIGHLAND PARK
and its Agents; JP MORGAN CHASE BANK, N.A and its Assignees of the Mortgages
of Plaintiffs' and the Plaintiff's Property; ABC COMPANIES AND/OR ENTITIES 1 TO
20 DIRECTOR OF CODES AND STANDARDS

Ellen Heine; Christopher Grieco; Kara
Grieco; Ann R. Schildknecht; Andrew
Tuscano; Richard Holler; Paul Dean; Keri
Burke; Ruthan Hughes; Unita Peri-
Okonny; Soliman A. Youssef; Susan
Miller; Frank Bright; Wendell Sellers;
Robert T. Dow,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:15-cv-08210)
District Judge: Honorable Esther Salas

_____

PER CURIAM

The above-captioned pro se appellants appeal from the District Court's dismissal

of their complaint, as well as the denial of their request for reconsideration. For the

reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the benefit of the parties, we will recite only the

facts necessary for our discussion. In 2015, appellants, joined by numerous other

plaintiffs who are not parties to this appeal,[1] filed a complaint against several New Jersey

municipalities and state agencies, officials or agents of those municipalities and agencies,

and one bank. Appellants sought relief pursuant to 42 U.S.C. § 1983 for alleged

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Parties may only proceed in federal court pro se or through counsel. See 28 U.S.C. § 1654. Pro se appellants are not permitted to represent any other litigant on appeal. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Given that only a subset of plaintiffs signed appellants' corrected notice of appeal, any remaining plaintiffs are not parties to this appeal. Two appellants, Ann R. Schildknecht and Unita Peri-Okonny, signed the notice of appeal but did not sign appellants' consolidated brief. Accordingly, this appeal is dismissed as to appellants Schildknecht and Peri-Okonny.

violations of their First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights in the course of property inspections and the enforcement of municipal health and safety and housing codes.

Upon motions by several defendants, the District Court dismissed appellants' complaint with prejudice, concluding that granting appellants leave to amend would be futile for a number of reasons. Appellants sought reconsideration, which was denied. They timely appealed both decisions.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of appellants' complaint. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). Dismissal is appropriate "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." See U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We review a district court's denial of a motion for reconsideration for abuse of discretion. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

III.

We agree with the District Court's carefully reasoned opinion that appellants' claims cannot survive dismissal, and that granting appellants leave to amend would have been futile. Many of appellants' claims are barred by res judicata, and the remainder fail to state a claim upon which relief can be granted.

Several appellants brought claims against the Township of Montclair and the City of New Brunswick. Both of these defendants raised res judicata defenses in their motions to dismiss. "[T]he doctrine of claim preclusion, or res judicata, . . . bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (internal quotation marks omitted). It is an affirmative defense, and "the party asserting such a bar bear[s] the burden of showing that it applies." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984).

As detailed by the District Court, these appellants brought previous federal cases alleging materially identical claims against Montclair and New Brunswick, and their claims were dismissed with prejudice. Because appellants' claims against these defendants have already been resolved through a final judgment on the merits, all claims brought by appellants against Montclair and New Brunswick in this action are barred by res judicata.

A number of appellants also brought claims against the Department of Community Affairs ("DCA") and several of its Divisions. The majority of these appellants previously asserted the same allegations against these defendants in at least one prior federal action,

4

in which their claims were dismissed with prejudice. Thus, we agree with the District Court's thorough reasoning that their claims are barred by res judicata. Three appellants were not involved in prior litigation, but their claims were properly dismissed because they did not allege that any constitutional violation stemmed from a policy or custom of any of these entities.[2] See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) ("When a suit against a municipality is based on § 1983, [a] municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom.").

Similarly, appellants failed to identify any policy or custom that led to a constitutional violation by the remaining state or municipal defendants — the Township of North Brunswick, the Township of South Brunswick, the City of Garfield, Highland Park, and the Division of Youth and Family Services of Middlesex and Bergen Counties ("DYFS").[3] Appellants made no specific factual allegations about constitutional

---

[2] These three appellants alleged generally that their residences had somehow been incorrectly designated by the DCA and other entities and that they were waiting to reoccupy a property that had been closed because it was deemed an imminent hazard.

[3] Appellants also named numerous officials and agents of several municipalities and agencies in their official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Appellants made no specific factual allegations regarding any official or agent; to the extent that they sought to sue those parties in their personal capacities, such claims would fail because "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

violations against Highland Park. Several appellants alleged that North and South Brunswick issued citations or fines against them, that Garfield boarded up and changed the locks on a home, and that DYFS was somehow involved with monitoring various families. These appellants did not explain how any of those actions occurred as a result of a policy or custom of these entities.[4] Finally, the only appellant who mentioned the remaining defendant, JPMorgan Chase Bank, claimed only that Chase was unaware of the constitutional violations that appellants allege. Accordingly, the District Court properly dismissed all of appellants' claims.

The District Court also correctly concluded that granting leave to amend would have been futile in this case. At no point during the course of this litigation have appellants been able to identify a policy or custom by the state and municipal entities that they claim violated their constitutional rights, or any wrongdoing by Chase, either in the District Court or on appeal. Their claims are based on a number of seemingly unrelated inspections and enforcement incidents in various counties in New Jersey and do not suggest the existence of a policy or custom underlying the municipal or agency actions they challenge.[5] Under these circumstances, there is no reason to believe that appellants'

---

[4] Appellants' sole argument regarding this issue on appeal is that "[t]he municipal ordinances and state codes that are used by the inspectors are a product of a government policy, and the inspector's methods are often the results of customs, policies and practices in the town." Appellants' Br. at 6.

[5] For this reason, the District Court concluded that an alternative basis for dismissal was that appellants lacked standing to bring generalized grievances about various municipal ordinances they mentioned, as the "requirements of standing are not satisfied by [an] abstract injury in nonobservance of the Constitution asserted by . . . citizens." See Valley

claims could be salvaged by amendment.

Finally, the District Court did not abuse its discretion in denying appellants' motion for reconsideration. Their motion was not based on an intervening change in the law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice."[6] See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, we will affirm the District Court's judgment. We deny Montclair's motion to expand the record on appeal. See Burton v. Teleflex Inc., 707 F.3d 417, 435-36 (3d Cir. 2013). We also deny appellants' motion for leave to file a reply brief out of time.[7]

---

Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 482 (1982) (internal quotation marks omitted).

[6] Appellants argue that the District Court's denial of reconsideration was improper because they included a few public records that were available prior to the start of this litigation in support of their motion. Such documents are not a proper basis for reconsideration, as they do not constitute newly discovered evidence, and regardless, they do not demonstrate that appellants' claims can survive dismissal.

[7] On December 12, 2018, appellants were granted an extension of time to file their reply brief on or before January 2, 2019. They were advised that no further extensions of time to file a reply brief would be granted.